IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 1:10-CR-368-RWS-GGB |
| INNOCENT C. OKEKE | |
| **Defendant,** | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Innocent C. Okeke's ("Defendant's") Motion to Dismiss Indictment for Violation of The Speedy Trial Act [Doc. 11]. Defendant is charged with conspiracy to possess with intent to distribute heroin, possession with intent to distribute heroin and conspiracy to import heroin into the United States. The current indictment is a re-indictment of a prior case, Criminal Action No. 1:10-cr-237, and is substantially the same as the prior case except for the drug quantity. The earlier case charged a drug quantity of at least one kilogram, whereas the current case charges a drug quantity of at least 100 grams.

The prior case was dismissed without prejudice by United States District Judge Richard W. Story on August 24, 2010 on Defendant's Motion to Dismiss for Violation of the Speedy Trial Act. Defendant argued that the dismissal should be with prejudice.

AO 72A
(Rev.8/82)

The government conceded that the case should be dismissed because of a Speedy Trial Act violation, but argued that the case should be dismissed without prejudice.

Judge Story considered the circumstances and the parties' arguments and ordered that the case be dismissed without prejudice. (Case No. 1:10-cr-237, Doc. 21).

Defendant again moves to dismiss the indictment for violation of the Speedy Trial Act. However Judge Story has already decided that the prior case should be dismissed without prejudice, and Defendant presents no basis for a conclusion that Judge Story's order was in error. Defendant argues that there are new facts of which Judge Story was not aware, specifically that when the government finally provided defense counsel with a laboratory report from the DEA forensic chemist, the report (which established that the heroin weighed less than one kilogram) was signed by the chemist on July 22, 2010, yet the report was not provided to defense counsel until August 30, 2010. When I asked government counsel for an explanation for the delay, he said that the report had been provided "late" to the United States Attorney's Office.

Judge Story's order, issued on August 24, 2010 took into consideration that the government had been dilatory. Defense counsel had already brought to the Court's attention that the government had not provided him with a laboratory report on the alleged heroin, and that the weight of the drugs was in doubt. While the ultimate

AO 72A
(Rev.8/82)

decision is up to Judge Story, I find that the new information is not a sufficient basis for a dismissal with prejudice and recommend that the motion to dismiss be denied for the reasons previously set forth in Judge Story's Order of August 24, 2010.

In conclusion, I **RECOMMEND** Defendant's Motion to Dismiss [Doc. 11] be **DENIED**.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial.  It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

**IT IS SO ORDERED,** this the  27th  day of  October , 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)