**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| INNOCENT CHUKWUNONSO OKEKE, | : : | CRIMINAL NO. 1:10-CR-0368-RWS-GGB |
| Movant, | : : | |
| v. | : | CIVIL ACTION NO. 1:12-CV-0674-RWS-GGB |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Innocent Chukwunonso Okeke, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 27]. Presently before me for consideration are: Movant's § 2255 motion to vacate [Doc. 27]; the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 33]; and Movant's reply to the Government's response [Doc. 34]. For the reasons discussed below, I recommend that Movant's § 2255 motion be denied.

I. Background

On August 24, 2010, a grand jury sitting in the Northern District of Georgia returned a four-count indictment, charging Movant in Count One with conspiracy to possess with the intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(B)(I); in Count Two with possession with the intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(I), and 18 U.S.C. § 2; in Count Three with conspiracy to import at least 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 952, 960(a)(1) and (b)(2)(A), and 963; and, in Count Four with importation of at least 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 952, and 960(a)(1) and (b)(2)(A). [Doc. 1].

On December 16, 2010, Movant entered a negotiated plea of guilty to Count One of the Indictment. [Docs. 18, 31]. Movant entered into a written plea agreement with the Government, in which Movant waived his right to appeal or collaterally attack his sentence in the plea agreement. [Doc. 18-1 at 11-12]. However, Movant reserved the right to appeal his sentence if he received an upward departure or a variance from the sentencing guideline range as calculated by the Court. [*Id.*]. Movant also reserved his right to appeal if the Government appealed the sentence. [*Id.*].

2

On March 9, 2011, the Court sentenced Movant to 40 months of imprisonment. [Docs. 23, 32]. Movant did not file an appeal of his conviction or sentence with the United States Court of Appeals for the Eleventh Circuit.

On February 22, 2012, Movant filed the instant motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 27]. In his motion, Movant raises the following grounds for relief: (1) the Court erred by finding that Movant was not entitled to a minor role reduction under § 3B1.2 of the Sentencing Guidelines; and (2) Movant's counsel was ineffective at sentencing for failing to make known to the district court the reasons why Movant should receive a minor role reduction. [Doc. 27 at 4; Doc. 27-1 at 1-6].

II. Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief

3

a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III. Discussion

The Government contends that the claims raised by Movant in his § 2255 motion should not be entertained by the Court because Movant, under the the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

4

### Limited Waiver of Appeal

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 18-1 at 11-12].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) the district court specifically

questioned the defendant concerning the sentence appeal waiver during the Rule 11 [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351.

In the case at bar, Movant acknowledged at the plea hearing that he had reviewed the plea agreement with his attorney, understood that the agreement provided his intention to plead guilty, signed it, and had no questions for the Court. [Doc. 33-1, Plea Hr'g Trans. at 2-3, 13, 15-16]. In addition, the Court specifically addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: In your plea agreement, and Mr. Bullard alluded to this a moment ago when he was going over it, you waived certain appeal rights as a part of your agreement. I want to talk with you about that for just a moment.
>
> Typically a defendant in a criminal case has the right to have another court review decisions that are made in this court, and there are a couple of ways that happens. One, immediately after your conviction, you have a right to file a direct appeal to the court of appeals which would review the decisions made in your case to be sure that they were correct under the law and that they were supported by the facts of the case.
>
> You also have a right at a later time to file a 2255 petition. You may have heard that referred to as a petition for writ of habeas corpus, but it's an opportunity to again have a review of the decisions that were made in your case to be sure that your case was properly handled by this

> court, both on the law as well as the facts that underlie the decisions that are made by the court.
>
> In your plea agreement you've given up those rights. There is no chance to have anything that's happened in your case reviewed except in two circumstances. One, if I impose a sentence that's greater than what the guidelines call for, you would have a right to appeal. Second, if the Government files an appeal, you would have the right to raise issues on appeal. But aside from those two circumstances, you would have no right of appeal in your case. Do you understand that?
>
> MOVANT: Yes, your honor.
>
> THE COURT: Do you understand - - you had had an issue earlier where the court had dismissed a case against you and allowed the Government to refile and reindict you in this case. Do you understand that you are giving up the right to appeal that decision, as well?
>
> MOVANT: Yes, your honor.
>
> THE COURT: Mr. Dodge, have you talked with him about his waiver and do you believe he understands the rights that he's waiving?
>
> MR. DODGE (Movant's counsel): Yes, yes, sir.

[Doc. 33-1, Plea Hr'g Trans. at 11-12].

Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the appeal waiver that he understood and agreed to waive his appeal rights voluntarily except for the narrow exceptions described in the plea

7

agreement. [Doc. 18-1 at 13-14]. Further, the Court thoroughly explained to Movant during the plea colloquy that he was waiving his right to collaterally attack his sentence except for the two circumstances described in the waiver, and Movant indicated that he understood that he had waived that right by signing the plea agreement. [Doc. 33-1, Plea Hr'g Trans. at 11-12]; *see United States v. Stevenson*, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances"). Moreover, the Court specifically found at the plea hearing that Movant's plea was made knowingly and voluntarily. [Doc. 33-1 at 15]. Thus, Movant's waiver is valid.

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through

8

a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005). Here, both of Movant's claims deal with sentencing, and not the negotiation of the plea or waiver. *See Gomez-Estupinan v. United States*, No. 8:04CR84T24TGW, 2005 WL 2850070 (M.D. Fla. Oct. 28, 2005) (holding defendant's claim in motion to vacate raising ineffective assistance of counsel for failure to urge court to apply safety valve was waived by valid sentence appeal waiver). Thus, Movant's waiver of his rights to challenge his sentence is controlling with respect to the two grounds for relief that he raises in his motion. Movant cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

In Movant's reply, he appears to raise a new claim that his guilty plea was not knowingly and voluntarily entered, because the Government threatened him during plea negotiations that, without a plea agreement, it would seek an upward variance to the sentence. [Doc. 34 at 2]. This new claim by Movant, which appears to be a

9

last-minute attempt to escape the preclusive effect of the appeal waiver, is subject to dismissal for several reasons.

First, Movant's attempt to raise a new claim in his reply is improper. Movant filed no motion seeking leave to amend his § 2255 motion after the Government filed its response. *See* Fed. R. Civ. P. 15(a); *see also Snyder v. United States*, 263 F. App'x 778, 780 (11th Cir. 2008) (holding that defendant's reply brief in motion to vacate would not be construed as amendment to the motion to add additional claim). Thus, the claim was not properly raised before the Court.

Second, even if I construed the reply as an amendment to Movant's § 2255 motion, it is untimely. A one-year statute of limitations applies to motions to vacate, and the limitations period begins on the latest of four specified dates. 28 U.S.C. § 2255(f). The two relevant dates in this case are set out in § 2255(f)(1), the date that the judgment of conviction becomes final, and in § 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). "Independently untimely claims raised in an amendment to a § 2255 motion are barred unless they 'relate back' under Fed. R. Civ. P. 15(c) to a timely filed motion." *Madaio v. United States*, 397

10

F. App'x 568, 569 (11th Cir. 2010) (quoting *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)).

The facts supporting Movant's claim could have been discovered when he entered his guilty plea. Thus, the latest date for the limitation period to begin would be the date that Movant's judgment of conviction became final. Movant's judgment was entered on March 11, 2011, and he did not file an appeal. Accordingly, Movant's judgment of conviction became final and the one-year limitation period began on March 21, 2011, when the ten-day period for seeking appellate review expired. *See* Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a timely direct appeal, the conviction becomes final ten days after the district court's written judgment of conviction is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Movant filed his reply on May 10, 2012, after the expiration of the one-year period, and the claim that he raises in his reply does not relate back to the sentencing claims that he raised in his timely § 2255 motion. Thus, Movant is attempting to raise a claim challenging the voluntariness of his plea after the expiration of the one-year limitation period, and it is barred as untimely.

11

Third, even if the claim were properly and timely raised, it is without merit. In his reply, Movant contends that his guilty plea was not knowingly and voluntarily entered, because the Government threatened him during plea negotiations that, without a plea agreement, it would seek an upward variance to the sentence. [Doc. 34 at 2]. Movant attaches an e-mail sent to his counsel by the Government stating that, "We would otherwise be seeking an upward variance to the sentence if we proceed without a plea agreement." [Doc. 34-1].

"While confronting a defendant with the risk of more severe punishment may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable–and permissible–attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978) (internal quotation marks and citation omitted). Thus, the statement by the Government that it would seek an upward variance does not constitute a threat, because Movant was fully informed of the terms of the plea agreement and had the option to accept or reject it. The possibility that the Government may seek a harsher sentence if a plea agreement is rejected is part of the ordinary context of plea bargaining. *Id.*; *see also Corbitt v. New Jersey*, 439 U.S. 212, 219 (1978) (holding that the government "may encourage a

12

guilty plea by offering substantial benefits in return for the plea."); *United States v. Benson*, Nos. Civ. A 97-4783, Crim. A. 95-124-2, 1998 WL 23168, at *3 (E.D. Pa. Jan. 6, 1998) (holding that a prosecutor's suggestion of a longer sentence if a case goes to trial does not by itself constitute duress). Thus, Movant's claim is alternatively without merit.

IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

V. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Innocent Chukwunonso Okeke's motion to vacate sentence [Doc. 27] be **DENIED**, and that he be **DENIED** a certificate of appealability.

**I ORDER** that Movant's motion for leave to proceed *in forma pauperis* [Doc. 28] in this action be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 11th day of June, 2012.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)